**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DEBORAH MARIGNY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-1776 |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of the Social Security § | |
| Administration, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Counsel for the plaintiff has filed a motion for authorization of attorney's fees under 42 U.S.C. § 406(b). (Docket Entry No. 19). Counsel sought $3,474.10, which was 25% of the $37,896.40 past-due social security disability benefits due to plaintiff, less $6,000 that was already paid to counsel for his services at the administrative level. The motion was supported by the Administrative Law Judge's Order Approving Fee Arrangement and by counsel's resume. (Docket Entry No. 19). Counsel for the Commissioner filed a brief response, asking that the plaintiff's counsel be required to present itemized documentation of the services and his hourly rate, and in a footnote, raising a question about the timeliness of the request. (Docket Entry No. 20). This court ordered counsel for the plaintiff to file the itemization and respond. Counsel did so, promptly and at length. (Docket Entry No. 19).

Counsel's response provides ample basis for authorizing the fees he seeks. First, if there is an issue of timeliness, given the circumstances, the time to file would be enlarged under Rule 6(b) of the Federal Rules of Civil Procedure, given the prompt request once counsel learned of the ALJ's

favorable decision and the amount of the past-due benefits awarded.  Second, the fees are reasonable under the factors identified in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) and within the 25% contingency limit on the amount.  The bifurcation issue is not part of the analysis in this case because plaintiff's counsel only seeks fees for those hours spent in federal court representation.  The Commissioner does not challenge the benefit to the plaintiff, the competency of her counsel, or the absence of delay.  And it is worth noting that given the hours spent in the litigation, the amount of fees is far from a "windfall" for counsel.  There is no disproportion between the time expended and the fees sought.

Based on the file, this court grants the plaintiff's motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b) and approves payment of $3,474.10.

SIGNED on March 15, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge